### Commonwealth v. Yarbor

C.P. of Washington County, nos. 2242 of 1995 and 2161 of 1995.

*Paul M. Petro,* for the Commonwealth.
*Robert C. Brady,* for defendant Yarbor.
*Glenn Alterio,* for defendant Barnes.

GILMORE, *J.,* April 9, 1996—This matter is before the court on the Commonwealth's motion for severance and defendant Yarbor's motion to consolidate. The defendants are separately charged with criminal homicide; burglary; robbery; theft by unlawful taking and criminal conspiracy arising out of the same incident which involved the robbery and beating death of Robert Hannen.

In its motion for severance the Commonwealth raises three arguments for conducting separate trials for the defendants. First, the Commonwealth contends that two separate indictments were filed against the two defendants and that generally, when defendants are charged in separate indictments, they will be tried separately. Although the comments to Pennsylvania Rule of Criminal Procedure 1127 state that separate indictments ordinarily warrant separate trials, section A(2) of Rule 1127 states: "[d]efendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction . . . constituting an offense or offenses."

Pa.R.Crim.P. 1127(A)(2). Here, the two defendants are alleged to have participated in the exact same transaction which resulted in the indictments against them. Additionally, the Pennsylvania Supreme Court has held that a joint trial is preferred where defendants, as is the case here, are charged with criminal conspiracy. *Commonwealth v. Jones,* 530 Pa. 591, 602, 610 A.2d 931, 936 (1992). Therefore, the separate indictments filed in this case are not dispositive on the issue of severance of the trials.

Second, the Commonwealth argues that an evidentiary problem has arisen in that a witness who testified at the preliminary hearing of defendant Barnes, died prior to the preliminary hearing of defendant Yarbor. As such this witness is unavailable for trial, and the transcript of this witness' testimony from the preliminary hearing is not admissible at the trial of defendant Yarbor. Therefore, the Commonwealth seeks severance in order to use this testimony in the trial of defendant Barnes.

Defendants, however, in their response to the Commonwealth's motion to sever raised the issue that the transcribed testimony of the unavailable witness is inadmissible against both defendants because defense counsel was not provided a full and fair opportunity to cross-examine this witness due to the failure of the Commonwealth to provide evidence of prior inconsistent statements to police, the existence of the witness' prior criminal record and the potentiality of the witness having been a suspect in the instant matter.

At an evidentiary hearing on the matter of severance in this case, the investigating officer testified that the deceased witness was interviewed several times, and given two polygraph tests to attempt to confirm his statements. Additionally, the officer testified that this witness gave inconsistent statements as to information

concerning these crimes during these police interviews. As one example, the investigating officer testified that the witness had told him in interviews that he had participated in burglaries with one of the instant defendants, yet at the preliminary hearing the witness testified that he had not participated in burglaries with this defendant.

The investigating officer also testified that the witness had a prior criminal record involving the burglary of houses after he had been in the house to install carpeting. Additionally, there was testimony that the deceased witness was questioned concerning blood discovered in his van and that a tape recording of the witness' voice was presented to one of the victims to determine if the deceased witness was one of the perpetrators in the residence at the time of the commission of the alleged crimes at issue. The officer testified, however, that this witness was never suspected of these crimes.

The Pennsylvania Supreme Court has stated that the applicable standard for determining if the prior recorded testimony of a now unavailable witness is admissible against a defendant in a subsequent proceeding is whether that defendant had a *full and fair* opportunity to cross-examine that witness at the prior hearing. *Commonwealth v. Scarborough,* 491 Pa. 300, 317, 421 A.2d 147, 155 (1980); *Commonwealth v. Bazemore,* 531 Pa. 582, 588, 614 A.2d 684, 687 (1992).

Here, as stated by the investigating officer, the witness gave inconsistent statements both as to between interviews by police and between interviews and the witness' subsequent testimony at one of the defendant's preliminary hearings. Defendant's counsel was not provided with these statements made to police during investigative interviews prior to the preliminary hearing.

Additionally, defendant's counsel was not provided with the witness' prior criminal record. Although, direct

examination of this witness at the preliminary hearing in which the witness admitted to having committed robberies and beatings should have put defendant's counsel on notice to cross-examine as to a prior criminal record, without knowledge of prior inconsistent statements as to the witness' involvement in crimes with the defendant, the exact nature and extent of that criminal record and his potential involvement in this crime was not subject to adequate cross-examination.

Finally, although the investigating officer stated that the police at no time contemplated filing charges against this witness for the crimes at issue, it does appear that this witness was to some degree suspected of possible involvement in the crime. The questioning concerning blood in the van and the tape recording played for the victim for possible identification purposes shows that the idea was at least investigated.

The credibility of this witness who is now unavailable is suspect at the least. He was known to be a drug user, changed his statements to police, and had a prior criminal record.

Although the Commonwealth may not have been obliged to provide information of prior inconsistent statements and prior criminal records of witnesses to the defense before the preliminary hearing, if they do not disclose information of known prior inconsistent statements which would be necessary for a full and fair opportunity to cross-examine and test the credibility of a witness at a preliminary hearing, the testimony of that witness should not be admissible at the subsequent trial of that defendant. *Bazemore, supra* at 590, 614 A.2d at 688. *Commonwealth v. Stinson,* 427 Pa. Super. 289, 300, 628 A.2d 1165, 1170-71 (1993). The evidence necessary to fully and fairly cross-examine this witness was not provided to the defense, and they cannot now fully and fairly impeach this unavailable

witness' relatively inculpatory statements made at the preliminary hearing. Therefore, the transcript of the testimony of Mr. McMahon from the preliminary hearing of defendant Barnes upon proper motion in limine will not be admitted at trial as evidence against either of the defendants, and consequently, the inadmissibility of this preliminary hearing testimony no longer precludes a joint trial.

The Commonwealth's final argument concerning severance of the trials of these two defendants is that the testimony of one of the Commonwealth's witnesses will consist of an alleged confession naming both defendants made to this witness by defendant Barnes at a party in which defendant Yarbor was not present. Such testimony of a confession by one co-defendant, where the other co-defendant was not present and did not join in that confession would be inadmissible hearsay against the non-joining co-defendant. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Consequently, a joint trial would not be proper where such evidence would be admissible against only one of the co-defendants. *Id.*

Defendants argue, however, that alternative ways exist so that the evidence can be admitted at trial without prejudicing or violating the non-confessing co-defendant's constitutional right of confrontation. Defendants suggest that redaction of any mention of the non-confessing defendant's name would preserve his rights, and that Pennsylvania has recognized the use of such a tactic in *Commonwealth v. Johnson,* 474 Pa. 410, 378 A.2d 859 (1972).

The confession in *Johnson,* however, was a written confession being offered into evidence in a joint trial. The Pennsylvania Supreme Court, although allowing the redacted confession in *Johnson,* also stated, "[t]he practical application of the theory [of redaction] may

be difficult and in many cases it may be decided that separate trials are necessary. However, this kind of determination must be made on a case by case basis." *Id.* at 412, 378 A.2d at 860.

Here, the Commonwealth must bring this alleged confession of defendant Barnes through the use of live testimony unless that witness is unavailable. The United States Supreme Court noted caution to be taken when attempting to delete references to names in oral testimony. The court stated:

"It has been said: Where the confession is offered in evidence by means of oral testimony, redaction is patently impractical. To expect a witness to relate X's confession without including any of its references to Y is to ignore human frailty. Again, it is unlikely that an intentional or accidental slip by the witness could be remedied by instructions to disregard." *Bruton,* 391 U.S. at 134, 88 S.Ct. at 1626-27, 20 L.Ed.2d at 484 n.10 (citing note, 3 col. 5 of Law & Soc. Prob. 80, 88 (1967)).

This cautionary advice seems valid in the case at bar. This testimony which would be admissible against only defendant Barnes, should only be allowed if the jury is not sitting on a joint trial of both defendants where the non-confessing defendant may be prejudiced by testimony inadmissible as to him. The Pennsylvania Rules of Criminal Procedure provide that the court may sever trials of co-defendants if any party would be prejudiced by trying the defendants jointly. Pa.R.Crim.P. 1128. Therefore, these two defendants should be tried separately.

## ORDER

And now, April 9, 1996, after hearing and argument and based upon the above memorandum, the Commonwealth's motion to sever is granted. Defendant Yarbor's motion to consolidate is denied.