728 A.2d 909

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Patrick Lynn KNAUB, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 12, 1996.

Decided April 20, 1999.

■■■■■
■■■■■

Richard Robinson, for Patrick Lynn Knaub, appellant.

Laura A. Pawloski, H. Stanley Rebert, York, Thomas Kelly, for the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### ORDER

PER CURIAM:

The appeal is dismissed as having been improvidently granted.

Justice NIGRO files a dissenting statement.

NIGRO, Justice, dissenting.

By Per Curiam Order, this Court has dismissed this appeal as improvidently granted. Because I believe that this case is properly before this Court, and because I agree with Appellant that he is entitled to a new trial, I must respectfully dissent.

On December 22, 1993, as a result of allegations made by his nine year old daughter, J.K., Appellant Patrick Lynn Knaub was charged with aggravated indecent assault, indecent assault and corruption of minors.[1] During Appellant's preliminary hearing on December 30, 1993, J.K. related specific incidents of sexual abuse committed by Appellant.[2] However,

---

1. Although Appellant was also originally charged with rape and involuntary deviate sexual intercourse, these charges were dismissed at Appellant's preliminary hearing.

2. J.K. testified that Appellant had put his fingers into her vagina while she was in bed. J.K. testified that it hurt her when her father did this, and that it happened every time she visited with Appellant at either his grandmother's or his sister's home. J.K. also stated that sometimes her father would sleep in the same bed with her, and that when he did, he would remove her underwear, either partially or fully, and place his fingers in her vagina. She stated that the last time this happened, she felt her father put something "gooey" on her vagina.

at trial in November of 1994, J.K. testified that Appellant had done things she knew he was not supposed to do, but that she could not remember the nature of her father's actions, her statements to the doctor, or her preliminary hearing testimony. As a result, the trial court declared J.K. unavailable and, over defense objections, allowed the Commonwealth to introduce her testimony from the preliminary hearing.

In addition to J.K.'s preliminary hearing testimony, the Commonwealth introduced the testimony of the doctor and nurse who had examined J.K. approximately one week after she had been sexually assaulted. Both testified that J.K. had described her father's sexual assault to them, however, they acknowledged that there was no physical evidence of digital penetration at the time of the examination. J.K.'s caretaker also testified that J.K. had mentioned the assaults, without providing any detail. Finally, the two detectives who interviewed Appellant testified that Appellant admitted to "rubbing" J.K.'s vagina and to lying on top of J.K. and "grinding." According to the detectives, Appellant also indicated that his penis may have "got her," but did not penetrate her.

At the close of the jury trial, Appellant was found guilty on all charges. Appellant filed post-trial motions alleging that the trial court erred in declaring J.K. unavailable for trial and in admitting J.K.'s preliminary hearing testimony. Appellant's post-trial motions were denied and he was sentenced to a term of imprisonment of five to ten years. On appeal, the Superior Court affirmed.

Appellant filed a Petition for Allowance of Appeal. This Court granted allocatur to determine whether the trial court erred in declaring J.K. unavailable for purposes of trial and in admitting her preliminary hearing testimony as substantive evidence at Appellant's trial. I agree with the Superior Court that the trial court properly found J.K. to be unavailable at trial.[3] However, since I agree with Appellant that he was not

---

3. J.K. was declared unavailable due to her inability to recall anything that Appellant may have done to her. I find no error in the court's ruling that J.K. was unavailable due to memory loss. *See Commonwealth v. Graves*, 484 Pa. 29, 398 A.2d 644 (1979) (witness who testified

given a full opportunity to cross-examine J.K. at the preliminary hearing, I believe the trial court erred in admitting J.K.'s preliminary hearing testimony as substantive evidence at Appellant's trial. Therefore, I would reverse the order of the Superior Court.

When a witness is declared unavailable, in order for prior testimony to be admissible in a subsequent proceeding as substantive evidence against the accused, there must have been a "full and fair opportunity to cross-examine" at the prior proceeding. *Commonwealth v. Thompson*, 538 Pa. 297, 311, 648 A.2d 315, 322 (1994), citing *Commonwealth v. Bazemore*, 531 Pa. 582, 614 A.2d 684 (1992).

Appellant alleges that he was not given a full and fair opportunity to cross-examine J.K. at the preliminary hearing due to the Commonwealth's failure to disclose an inconsistent statement made by J.K. to police. At the preliminary hearing, J.K. testified that Appellant placed his finger in her vagina but had not hurt any other part of her body. *See* N.T., 12/30/93, at 19, 39. However, prior to the preliminary hearing, J.K. had told Officer Timothy Utley during the initial investigation that Appellant had placed his finger in her anus and engaged in oral genital contact with her.[4]

In *Commonwealth v. Bazemore*, 531 Pa. 582, 614 A.2d 684 (1992), this Court examined the issue of what suffices to establish a "full opportunity" to cross-examine at a prior proceeding where the Commonwealth fails to disclose relevant impeachment evidence prior to the initial testimony. In *Bazemore*, although counsel for the defendant cross-examined the witness at the preliminary hearing, counsel was unaware or had not been informed of the witness' prior inconsistent statement to police, his criminal record, and that the District Attorney's officer was contemplating filing criminal charges against the witness for homicide and conspiracy. We held

at first trial but could not recall events with specificity was declared unavailable due to memory loss).

4. The statement given to Officer Utley by J.K. was available to the Commonwealth prior to the preliminary hearing but was not made available to the defense.

that without such information, Appellant was denied an adequate opportunity to test the veracity of the witness at the preliminary hearing, and thus was denied a full and fair opportunity to cross-examine.

In *Bazemore*, as in the present case, there existed a single inconsistent statement which was not disclosed by the Commonwealth prior to the preliminary hearing. The Court placed special significance on the Commonwealth's decision not to disclose the inconsistent statement prior to the preliminary hearing, explaining that although defense counsel was able to cross-examine the witness at the preliminary hearing,

> because she did not have knowledge of [the witness'] prior inconsistent statement, she could not impeach his credibility through the use of that statement. Thus, contrary to the Commonwealth's contention, the record does not establish that the cross-examination employed by defense counsel at the preliminary hearing, no matter how extensive, "fully tested" [the witness'] recollection, when, in fact, the witness had given a different version of the events of the evening in question on a prior occasion. If that same testimony could now be used at trial, appellant would forever be denied the opportunity to confront [the witness] with his prior statement. . . .

*Bazemore*, 531 Pa. at 588–89, 614 A.2d at 687.

Similarly, in the present case, defense counsel was unaware at the preliminary hearing of the prior inconsistent statement made by J.K. to the police. Although the Commonwealth did not have a duty to disclose this information to the defense at the preliminary hearing, as this Court stated in *Bazemore*,

> where. . . .the Commonwealth knows, but does not disclose to the defense at any time prior to preliminary hearing cross-examination of a witness, that the witness has made an inconsistent prior statement and that witness then becomes unavailable to testify at trial, the Commonwealth must suffer the consequences in electing not to disclose that

information which is necessary to afford defense counsel the opportunity for a full and fair cross-examination.

*Id.* at 590, 614 A.2d at 688.

Additionally, as noted in *Bazemore,* "when the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure [on the part of the Commonwealth] of evidence affecting credibility violates due process." *Id.* at 591, 614 A.2d at 688 (citations omitted). Here, J.K. was the Commonwealth's only witness at the preliminary hearing and her testimony was a central part of the Commonwealth's case at trial.[5] Thus, the jury's assessment of J.K.'s credibility may well have been a critical factor in its determination of guilt or innocence.

Based on the clear precedent of this Court's decision in *Bazemore,* I agree with Appellant that he was denied a full and fair opportunity to cross-examine J.K. at the preliminary hearing and therefore, that the trial court erred in admitting J.K.'s preliminary hearing transcript. Accordingly, I would reverse the order of the Superior Court and remand for a new trial.

---

**5.** The other witnesses presented by the Commonwealth at trial were unable to produce any physical evidence of digital penetration.