J-S27044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KARIEM JOHNSON, | |
| Appellant | No. 1364 EDA 2016 |

Appeal from the Judgment of Sentence April 20, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0005327-2015

BEFORE:  GANTMAN, P.J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED MAY 10, 2017**

Appellant, Kariem Johnson, appeals from the judgment of sentence imposed April 20, 2016, following his non-jury trial conviction of robbery, simple assault, violations of the Uniform Firearms Act, possessing an instrument of a crime, and recklessly endangering another person.[1] Appellant challenges the weight and sufficiency of the evidence supporting his conviction, and argues that the court erred in admitting testimony from the preliminary hearing.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record, and the trial court's July 22, 2016 opinion.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 2701(a), 6110.2(a), 6106(a)(1), 6108, 6105(a)(1), 907(a), and 2705(a) respectively.

On March 22, 2015, at 8:30 in the evening, several people were inside of Eddie Barrow's Barbershop/Speakeasy located at 201 North 60th Street in Philadelphia. It was closing time and [Appellant] was asked to leave. Upon approaching the door, [Appellant] spun around, pulled out a gun and announced ["]this is a stick up[."] [Appellant] pointed the gun at the proprietor, Charles Dunning, and soon thereafter the occupants of the shop snatched the gun away from [Appellant], [and] subdued [him], holding him there until the police arrived. After disarming [Appellant], one of the victims, Loochi, took the gun and put it in the trunk of his car. When the police inquired about the gun, Jimmy Carr got the keys to the trunk and showed the police where the gun was located. A ballistic report was entered into evidence that the recovered firearm was operable and loaded.

(Trial Court Opinion, 7/22/16, at 3) (record citations omitted).

The trial court conducted a non-jury trial in this matter on February 11, 2016, during which it permitted the Commonwealth to offer the May 22, 2015, preliminary hearing notes of testimony of Charles Dunning, who had passed away prior to trial. (*See* N.T. Trial, 2/11/16, at 10-34). At the conclusion of the trial, the court found Appellant guilty of all charges. On April 20, 2016, Appellant was sentenced to an aggregate sentence of not less than five, nor more than ten years of incarceration, followed by five years of probation. The court denied Appellant's motion for reconsideration of sentence on April 27, 2016. This timely appeal followed.[2]

Appellant raises three questions on appeal:

---

[2] Pursuant to the trial court's order, Appellant filed his statement of matters complained of on appeal on June 3, 2016. The court issued its opinion on July 22, 2016. *See* Pa.R.A.P. 1925.

I.  Whether the trial [court] erred as a matter of law by finding the Appellant guilty of the charges in this case, a verdict which was against the weight and sufficiency of the evidence[?]

II.  Whether the trial [court] erred as a matter of law by denying the motion for judgment of aquittal [sic] during the trial in this case[?]

III.  Whether the motion [court] erred as a matter of law by granting the admissibility of the notes of testimony from the preliminary hearing into trial[?]

(Appellant's Brief, at 7) (unnecessary capitalization omitted).[3]

In his first issue, Appellant attempts to challenge both the sufficiency and the weight of the evidence to support his conviction.  (*See id.* at 10-13).  However, he has waived both of these claims.

[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of [an appellate court . . .] to formulate [a]ppellant's arguments for him.  Moreover, because the burden rests with the appealing party to develop the argument sufficiently, an appellee's failure to advocate for waiver is of no moment.

*Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014) (quotation marks and citations omitted); *see also Commonwealth v. Bryant*, 57 A.3d 191, 197 n.8 (Pa. Super. 2012) (finding waiver where appellant's discussion focused solely on arguments related to sufficiency of evidence).

_____

[3]  Although this Court granted the Commonwealth's application for an extension of time to file a brief, the Commonwealth did not do so.

Here, Appellant failed to develop any argument that his conviction was against the weight of the evidence. (**See** Appellant's Brief, at 10-13). Instead he simply argued "the Commonwealth has failed to demonstrate that the Appellant is guilty of the charges in this case beyond a reasonable doubt. Additionally the verdict is against the weight and sufficiency of the evidence." (**Id.** at 13). Appellant's argument includes no further discussion with respect to the weight of the evidence. Accordingly, we conclude that Appellant has waived his challenge to the weight of the evidence. **See Wirth**, **supra** at 837; **Bryant**, **supra** at 197 n.8.

Additionally, Appellant has waived his challenge to the sufficiency of the evidence.

> In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. . . .

**Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013) (citations and quotation marks omitted).

Here, Appellant's concise statement of errors complained of on appeal merely states: "The trial [court] erred as a matter of law by finding [Appellant] guilty of the charges in this case, a verdict which was against the weight and sufficiency of the evidence." (**See** Statement of Errors Complained of on Appeal, 6/03/16). Appellant's statement of the questions

- 4 -

involved is equally vague. (***See*** Appellant's Brief, at 7). Appellant fails to specify the crimes and element or elements for which he alleges the evidence was insufficient. Thus, we conclude Appellant has waived his challenge to the sufficiency of the evidence. ***See Garland***, ***supra*** at 344.

Moreover, we observe that even if Appellant had not waived his sufficiency claim, it would not merit relief. In his discussion, Appellant argues that the evidence was insufficient "to prove beyond a reasonable doubt that [he] is guilty of robbery because the Commonwealth has failed to demonstrate that [he] intentionally put another in fear of immediate serious bodily injury." (Appellant's Brief, at 13). We disagree.

> Our standard for evaluating sufficiency of the evidence is whether the evidence, viewed in the light most favorable to the Commonwealth [as verdict winner], is sufficient to enable a reasonable [fact-finder] to find every element of the crime beyond a reasonable doubt. [T]he entire trial record must be evaluated and all evidence actually received must be considered, whether or not the trial court's rulings thereon were correct. Moreover, [t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Shull***, 148 A.3d 820, 844 (Pa. Super. 2016) (citation omitted).

Here, following the non-jury trial, the court convicted Appellant of robbery graded as a felony of the second degree.[4] Under Section 3701(a)(1)(iv), a defendant is guilty of robbery if, while in the course of committing a theft, he "inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury[.]" 18 Pa.C.S.A. § 3701(a)(1)(iv).

"An aggressive act intended to place the victim in fear that he was in danger of immediate physical harm was sufficient to elevate an attempted theft to robbery, [*see*] 18 Pa.C.S.[A.] § 3701(a)(1)(iv). Whether the victim was in fact put in fear under such circumstances was not controlling." *Commonwealth v. Leatherbury*, 473 A.2d 1040, 1042 (Pa. Super. 1984) (citations omitted).

_____

[4] Both the trial court and Appellant discuss the sufficiency of the evidence to support Appellant's robbery, a felony of the **first** degree, conviction pursuant to 18 Pa.C.S.A. § 3701(a)(1)(ii); however, a review of the certified record, including the notes of testimony from the non-jury trial and sentencing, reveals that Appellant was convicted of robbery as a felony of the **second** degree and was sentenced accordingly, to not less than five nor more than ten years' incarceration. (**See** Appellant's Brief, at 12-13; Trial Ct. Op., at 4; **see also** N.T. Trial, at 117; N.T. Sentencing, 4/20/16, at 10; Order, 4/20/16, at unnumbered page 2); 18 Pa.C.S.A. §§ 3701(a)(1)(ii), (iv). Therefore, we evaluate Appellant's claim to discern whether the evidence was sufficient to support his conviction of robbery as a felony of the second degree in violation of section 3701(a)(1)(iv). **See Commonwealth v. Taggart**, 997 A.2d 1189, 1197 n.10 (Pa. Super. 2010), *appeal denied*, 17 A.3d 1254 (Pa. 2011) ("[I]t is established that we can affirm the trial court on any valid basis.").

Here, testimony at trial demonstrated that Appellant pulled out a gun, pointed it at Mr. Dunning, and stated, "this is a stick up." (N.T. Trial, at 13). Viewed in the light most favorable to the Commonwealth, as verdict winner, such evidence was sufficient to establish that Appellant threatened Mr. Dunning with serious bodily injury, and put the other patrons of the speakeasy in fear of immediate bodily injury. **See Shull**, **supra** at 844; **Leatherbury**, **supra** at 1042 (reasoning "[n]either the fact that [the appellants] did not inflict bodily injury nor that they were unsuccessful in obtaining the victim's money was controlling."). Accordingly, we conclude the evidence presented was sufficient to support Appellant's conviction for robbery graded as a felony of the second degree. **See Taggart**, **supra** at 1197 n.10. Therefore, even if not waived, Appellant's challenge to the sufficiency of the evidence would fail.

In his second issue, Appellant argues that the trial court erred when it denied his motion for acquittal. (**See** Appellant's Brief, at 14).[5] "A motion for judgment of acquittal challenges the sufficiency of the evidence to

_____

[5] Appellant's half-page argument on this matter is underdeveloped, does not include citation to the record, and fails to set forth a legal argument, supported by case law and based on the facts of this case, that he is entitled to relief. **See** Pa.R.A.P. 2119(a)-(c). Therefore, we could also conclude that he has waived this claim. **See** Pa.R.A.P. 2101; **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010) (finding claim waived where appellant's argument is underdeveloped and fails to develop argument supported by legal authority). However, we decline to do so.

sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." **Commonwealth v. Hutchinson**, 947 A.2d 800, 805 (Pa. Super. 2008), *appeal denied*, 980 A.2d 606 (Pa. 2009) (citations omitted). As discussed above, we conclude that the evidence was sufficient to support Appellant's conviction.[6] We decline to reevaluate the sufficiency of the evidence.

In his final issue, Appellant claims that the trial court erred by admitting Mr. Dunning's testimony from the preliminary hearing. (**See** Appellant's Brief, at 15-18). Specifically, he argues that the notes of testimony were hearsay evidence, which the court should not have admitted because he did not have a full and fair opportunity to cross-examine Mr. Dunning. (**See id.** at 17). Appellant contends that the opportunity to cross-examine was limited because Mr. Dunning had testified at a preliminary hearing, which "is a much less searching exploration into the merits of a

---

[6] Appellant invites us to "evaluate the entire record, and read in the light most favorable to the **defense**, to determine whether the evidence presented at trial . . . was sufficient to prove all of the elements of the crime beyond a reasonable doubt." (Appellant's Brief, at 14) (emphasis added). However, he misstates the standard of review for denial of a motion for judgment of acquittal. The appropriate standard of review for this challenge to the sufficiency of the evidence "is whether viewing all the evidence admitted at trial in the light most favorable to the **verdict winner**, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Hutchinson**, **supra** at 805 (citations omitted) (emphasis added).

case than a trial because a preliminary hearing serves the limited function of establishing a *prima facie* case against the accused." (***Id.***) (citation omitted). Appellant's claim does not merit relief.

"Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and we will not reverse the court's decision on such a question absent a clear abuse of discretion." ***Commonwealth v. Chmiel***, 738 A.2d 406, 414 (Pa. 1999), *cert. denied*, 528 U.S. 1131 (2000) (citation omitted). An abuse of discretion constitutes "not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." ***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000) (citation omitted).

"The Commonwealth may not be deprived of its ability to present inculpatory evidence at trial merely because the defendant, despite having the opportunity to do so, did not cross-examine the witness at the preliminary hearing stage as extensively as he might have done at trial." ***Commonwealth v. Johnson***, 758 A.2d 166, 169 (Pa. Super. 2000), *appeal denied*, 781 A.2d 140 (Pa. 2001) (citation omitted); ***see also Commonwealth v. Bazemore***, 614 A.2d 684, 687 (Pa. 1992) (reasoning that "[w]hether prior testimony was given at trial or at any other proceeding, where, as here, admission of that prior testimony is being sought as substantive evidence against the accused, we conclude that the

standard to be applied is that of full and fair opportunity to cross-examine.")

(emphasis omitted).

Here, the trial court explained its reasoning for admitting Mr. Dunning's preliminary hearing testimony as follows:

> That Mr. Dunning was unavailable is beyond question. Likewise, the notes of testimony clearly show [Appellant] was represented at the time of the preliminary hearing. The only other issue is whether [Appellant] had a full and fair opportunity to cross-examine the declarant. The issue is not whether new counsel would have made other inquiry, but whether or not there was the opportunity to cross-examine the witness. Further, it is not whether that cross-examination was effective that is dipositive. It is crystal clear that our courts have uniformly decided that the admissibility of former testimony and its ability to withstand Confrontation Clause challenges derives not from the actual conduct or content of cross-examination, **but from its availability**. The notes of testimony clearly show that [Appellant] had a full and fair opportunity to cross-examine the declarant at the preliminary hearing and as such [Appellant's] complaint is without merit.

(Trial Ct. Op., at 7) (emphasis in original; quotation marks and citations omitted).

Upon review, we conclude that the trial court did not abuse its discretion in admitting Mr. Dunning's preliminary hearing testimony, where Mr. Dunning was unavailable at trial, and defense counsel had a full and fair opportunity to cross-examine him during the preliminary hearing. *See* *Widmer*, *supra* at 753; *Chmiel*, *supra* at 414. Appellant's final issue does not merit relief.

Judgment of sentence affirmed.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/10/2017