J-S34035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEMAJ RUSSELL WILSON | : | |
| | : | |
| Appellant | : | No. 59 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 28, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000980-2018

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                **FILED JULY 30, 2019**

Appellant, Semaj Russell Wilson, appeals from the judgment of sentence of 7½ to 15 years' incarceration, imposed for his convictions for aggravated assault, possessing an instrument of crime, simple assault, and harassment.[1] After careful review, we affirm.

The underlying facts are as follows. On the morning of September 12, 2017, Appellant entered the home of his former girlfriend, Alisha Matteson, in Erie, Pennsylvania and attacked Matteson's companion, David Bain. Trial Court Opinion at 1; Preliminary Hearing David Bain Testimony at 1-7; N.T. Trial, 9/18/18, at 4-7, 10-14. Appellant punched Bain and stabbed and

---

[1] 18 Pa.C.S. §§ 2702(a)(1), 2702(a)(4), 907(a), 2701(a)(1), and 2709(a)(1), respectively.

* Retired Senior Judge assigned to the Superior Court.

slashed Bain in the left torso and right arm with a knife. Trial Court Opinion at 1; Preliminary Hearing David Bain Testimony at 2-7. Bain fled the house, and when police arrived, emergency responders were tending to Bain at a street corner approximately 80 yards from Matteson's residence. Trial Court Opinion at 1; Preliminary Hearing David Bain Testimony at 8; N.T. Trial, 9/17/18, at 30-31. Bain was conscious, able to speak, and spoke freely with the police about the incident. Trial Court Opinion at 1; N.T. Trial, 9/17/18, at 30-31. Bain was transported to a hospital where he underwent surgical repair of the damage to his right triceps. Trial Court Opinion at 2; Preliminary Hearing David Bain Testimony at 8; N.T. Trial, 9/17/18, at 48-53. Appellant was charged with four counts of aggravated assault, and with the offenses of burglary, terroristic threats, possessing an instrument of crime, prohibited offensive weapons, simple assault, and harassment.

Bain testified at Appellant's preliminary hearing on April 2, 2018. Appellant was represented at the preliminary hearing by the same counsel who represented him at trial, and Appellant's counsel cross-examined Bain at the preliminary hearing. Preliminary Hearing David Bain Testimony at 4-8. Bain died unexpectedly on May 31, 2018, after the preliminary hearing but before Appellant's trial, of a cause unrelated to Appellant and unrelated to the attack.

The case was tried to a jury on September 17 and 18, 2018. At trial, the Commonwealth called four witnesses: Matteson, two police officers who

came to the scene, and the physician who treated Bain. Matteson testified that she saw the attack while it was under way, identified Appellant as the person attacking Bain, and testified that she saw Appellant punching and kicking Bain. N.T. Trial, 9/18/18, at 9-14. The Commonwealth also read Bain's preliminary hearing testimony to the jury over Appellant's objection. N.T. Trial, 9/17/18, at 3-7, 56. In that transcript, Bain testified that Appellant punched him, accused him of "f—king my girl," and stabbed and slashed him with a knife. Preliminary Hearing David Bain Testimony at 2-7.

Appellant did not call any witnesses. Appellant sought to introduce evidence at trial that Bain was a heroin user. The trial court granted the Commonwealth's motion in limine to exclude such evidence, but left open that evidence concerning Bain's heroin use might become admissible if it was connected to the morning of the attack. N.T. Trial, 9/17/18, at 7-11. Appellant did not proffer any evidence that Bain had taken heroin on the morning of the attack. Appellant also sought to call a police officer to testify that Bain complained to the police two days after the attack that Matteson would not return his cell phone, and requested a brief delay to obtain the officer's presence at trial. N.T. Trial, 9/18/18, at 51-55. The trial court denied this request of the ground that this testimony was irrelevant. *Id.* at 54-55.

At the close of the evidence, the trial court granted judgment of acquittal on the charges of terroristic threats and prohibited offensive weapons. N.T. Trial, 9/18/18, at 51. The jury convicted Appellant of the four counts of

aggravated assault and of possessing an instrument of crime and simple assault, and acquitted Appellant on the burglary charge. *Id.* at 111-14. Following the jury's verdict, the trial court found Appellant guilty of the summary offense of harassment, which had not been submitted to the jury. *Id.* at 115. On November 28, 2018, the trial court sentenced Appellant to $7^1/_2$ to 15 years' incarceration on the first aggravated assault count and imposed concurrent sentences of $6^1/_2$ to 13 years and 6 to 12 months, respectively, for the second aggravated assault count and possessing an instrument of crime. N.T. Sentencing at 24-25. The trial court held that the remaining aggravated assault counts and the simple assault merged with the first two aggravated assault counts and imposed no further penalty for the harassment conviction other than court costs. *Id.* at 17, 24-25. Appellant filed timely post-sentence motions, which were denied by the trial court on December 17, 2018. This timely appeal followed.

In this appeal, Appellant presents the following issues for our review:

I. Whether the Commonwealth violated Mr. Wilson's constitutional right to confront his accuser when it introduced the complaining witness' prior testimony as substantive evidence at trial.

II. Whether Mr. Wilson's right to confrontation was improperly abridged when the Court refused to allow the defense to impeach the non-testifying complaining witness about his drug use or about his prior report that another witness had stolen from him.

Appellant's Brief at 5. We conclude that there was no deprivation of Appellant's constitutional right to confront witnesses or error in the trial court's rulings.

- 4 -

Whether the trial court's admission of Bain's preliminary hearing testimony violated Appellant's constitutional right to confront the witnesses against him is a question of law as to which our review is *de novo* and plenary. *Commonwealth v. Mitchell*, 152 A.3d 355, 358 (Pa. Super. 2016).

Admission of the preliminary hearing testimony of a witness who is unavailable at trial is permissible under Rule 804(b)(1) of the Pennsylvania Rules of Evidence and does not violate the defendant's right of confrontation if the defendant was represented by counsel at the preliminary hearing and had a full and fair opportunity to cross-examine the witness at the preliminary hearing. *Commonwealth v. Wholaver*, 989 A.2d 883, 901-05 (Pa. 2010); *Commonwealth v. Leaner*, 202 A.3d 749, 775-77 (Pa. Super. 2019); *Mitchell*, 152 A.3d at 358-59; *Commonwealth v. Buford*, 101 A.3d 1182, 1195-97 (Pa. Super. 2014); *Commonwealth v. Leak*, 22 A.3d 1036, 1043-47 (Pa. Super. 2011). The critical issue in determining the admissibility of such prior testimony is whether the defendant's opportunity to cross-examine was full and fair. *Commonwealth v. Bazemore*, 614 A.2d 684, 687 (Pa. 1992); *Leaner*, 202 A.3d at 775; *Mitchell*, 152 A.3d at 358.

Where, at the time of the preliminary hearing, the defendant did not have access to vital impeachment evidence, such as a prior inconsistent statement by the witness, the witness's criminal record, or pending criminal charges against the witness, there was not a full and fair opportunity to cross-examine, and admission of the preliminary hearing testimony violates the

defendant's right to confront witnesses. *Bazemore*, 614 A.2d at 687-88; *Commonwealth v. Johnson*, 758 A.2d 166, 171-73 (Pa. Super. 2000); *Commonwealth v. Smith*, 647 A.2d 907, 913-15 (Pa. Super. 1994). The burden is on the defendant to show that he was denied vital impeachment evidence at the time of the preliminary hearing. *Leaner*, 202 A.3d at 775. The fact that the defendant obtained prior statements or medical records of the witness subsequent to the preliminary hearing does not establish that defendant lacked a full and fair opportunity to examine the witness where the documents do not show statements inconsistent with the witness's preliminary hearing testimony. *Id.* at 777 n.10; *Leak*, 22 A.3d at 1045-46.

If the defendant was not denied vital impeachment evidence and defense counsel was not restricted in his cross-examination, the fact that defense counsel did not cross-examine the witness as extensively as he would have at trial does not constitute a deprivation of the right of confrontation or constitute grounds for exclusion of an unavailable witness's preliminary hearing testimony. *Mitchell*, 152 A.3d at 359. "The Commonwealth may not be deprived of its ability to present inculpatory evidence at trial merely because the defendant, despite having the opportunity to do so, did not cross-examine the witness at the preliminary hearing as extensively as he might have done at trial." *Leaner*, 202 A.3d at 775 (quoting *Leak*).

Here, Appellant was represented at the preliminary hearing by the same counsel who represented him at trial and his counsel cross-examined Bain

without restriction. Preliminary Hearing David Bain Testimony at 4-8. Appellant has not shown that he was deprived of any vital impeachment evidence that became available only after the hearing. While Appellant contends that he did not obtain Bain's prior statements to the police and Bain's medical records until after the hearing, he did not show that Bain's statements in these documents were inconsistent with Bain's testimony at the preliminary hearing. Indeed, Appellant sought to exclude all of Bain's prior statements from trial, including those statements to police and medical personnel. Defendant's Motion in Limine at 1-2 ¶4(a), (b). There is no claim that Appellant learned after the preliminary hearing that Bain had any criminal record or was facing pending criminal charges.

None of the other information that Appellant contends that he obtained after the preliminary hearing constitutes vital impeachment evidence. Contrary to the assertions in Appellant's brief that he learned subsequent to the preliminary hearing that "Bain was using heroin at the time of the attack" and was deprived of the opportunity "to question [Bain] about his intoxication and whether it had affected his ability to accurate[ly] recall what had happened," Appellant's Brief at 19-20, there was no such evidence. Appellant contended at trial only that Bain was a heroin user, not that he had any evidence that Bain had taken heroin on the day of the attack or that he was intoxicated or impaired at the time. N.T. Trial, 9/17/18, at 8-9.

The additional information that Appellant contends that he learned after the preliminary hearing concerning Bain's sexual involvement with Matteson was not significant as impeachment material. It did not contradict Bain's testimony, as Bain testified in the preliminary hearing only concerning his relationship with Matteson "at that time" of the September 2017 attack, not that he was never romantically or sexually involved with Matteson, and Matteson's testimony was that she was not sexually involved with Bain at the time of the attack, but had had sex with him a few times five or six months before the attack. Preliminary Hearing David Bain Testimony at 1; N.T. Trial, 9/18/18, at 18, 28-29. Moreover, evidence of a sexual relationship between Bain and Matteson supported the Commonwealth's theory of the case, that Appellant was a jealous ex-boyfriend who attacked Bain because Bain was sexually involved with Matteson.

The only other item of information that Appellant claims to have learned after the preliminary hearing was that Bain complained to police two days later that Matteson would not return his cell phone. This information had no impeachment value at all with respect to Bain's testimony. It was not inconsistent with any of Bain's testimony, did not concern the attack or the identification of Appellant as the attacker, and did not suggest that Bain had any lack of credibility or motive to lie.

Because Appellant was represented by counsel at the preliminary hearing, his counsel cross-examined Bain at the preliminary hearing and was

not restricted in his cross-examination, and Appellant and his counsel were not denied any vital impeachment evidence, Appellant had a full and fair opportunity to cross-examine Bain. *Mitchell*, 152 A.3d at 359; *Leak*, 22 A.3d at 1047. The admission of Bain's preliminary hearing testimony at trial therefore did not violate Appellant's constitutional right to confront the witnesses who testified against him. *Wholaver*, 989 A.2d at 901-05; *Leaner*, 202 A.3d at 775-77; *Buford*, 101 A.3d at 1197.

Appellant's contention that the trial court erred in restricting his evidence at trial likewise fails. The admission of evidence is committed to the sound discretion of the trial court and trial court's rulings regarding the admission of evidence will not be disturbed on appeal absent manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous. *Commonwealth v. Mangel*, 181 A.3d 1154, 1158 (Pa. Super. 2018); *Commonwealth v. Bozyk*, 987 A.2d 753, 756 (Pa. Super. 2009). Appellant asserts that the trial court erred in excluding evidence of Bain's heroin use and in not permitting him to call a police officer to testify that Bain had complained to the police two days after the attack that Matteson had stolen his cell phone. Neither of these evidentiary rulings was erroneous, let alone an abuse of trial court's discretion.

Evidence a witness was under the influence of alcohol or drugs at the time of the events to which he testified is relevant to the witness's credibility and is admissible. *Commonwealth v. Small*, 741 A.2d 666, 677 (Pa. 1999);

*Commonwealth v. Drew*, 459 A.2d 318, 321-22 (Pa. 1983); *Commonwealth v. Williams*, 91 A.3d 240, 244 (Pa. Super. 2014). However, evidence of a witness's drug or alcohol use that is not connected to the time of the witness's observations is irrelevant and inadmissible. *Small*, 741 A.2d at 677; *Commonwealth v. Koehler*, 737 A.2d 225, 239 (Pa. 1999); *Drew*, 459 A.2d at 321; *Commonwealth v. Yost*, 386 A.2d 956, 961 (Pa. 1978). "[W]hile a witness may be questioned about drug or alcohol use at the time of the events about which he or she is testifying, questions about a witness's drug use at a time other than the time about which the witness is testifying are not permitted." *Koehler*, 737 A.2d at 239.

As was discussed above, Appellant did not seek to introduce evidence that Bain had taken heroin on the morning that he was attacked or that he was under the influence of heroin at the time. Rather, what he sought to introduce and what the trial court excluded was merely evidence that Bain was a heroin user. Such evidence, unconnected to the day of the attack, was irrelevant to Bain's ability to accurately observe and recall the events to which he testified and was properly excluded by the trial court. *Small*, 741 A.2d at 677; *Koehler*, 737 A.2d at 239-40; *Yost*, 386 A.2d at 961.

Appellant's contention that the trial court erred in excluding Bain's complaint to the police concerning his cell phone likewise fails. The only evidence that Appellant sought to introduce on this issue consisted of testimony of a police officer that Bain made an accusation that Matteson would

not return his cell phone when he tried to get it back after the attack. N.T. Trial, 9/18/18, at 51-54. Appellant did not contend that any charges were filed against Matteson. Appellant was not restricted in his cross-examination of Matteson on this subject and did not ask Matteson whether she returned Bain's cell phone to him or whether she was aware of any allegation that she stole or failed to return Bain's phone. *Id.* at 23-43.

The fact that Bain made a complaint to the police was irrelevant. If proven, it would not show any inconsistency in Bain's testimony, as Bain did not testify concerning the retrieval of his belongings after he was taken to the hospital, concerning any communications with Matteson after the attack, or concerning any events after the day of the attack other than his hospitalization. Preliminary Hearing David Bain Testimony at 1-8. Nor could it show that Matteson had a motive to accuse Appellant, as there was no evidence that Matteson was aware that such a complaint had been made to the police. Rather, Appellant contends that Bain's complaint to the police is relevant to impeach Matteson's credibility by showing that she committed a theft. Appellant's Brief at 25.

Admission of Bain's complaint to the police for that purpose, however, would constitute hearsay, as it would be offered for the truth of the accusation, not for the fact that the accusation was made. Pa.R.E. 801(c); **Commonwealth v. May**, 898 A.2d 559, 565, 586-87 (Pa. 2006). The testimony of the police officer that Bain reported his phone stolen was

therefore properly excluded as inadmissible hearsay. Pa.R.E. 802; *May*, 898 A.2d at 565-66, 586-87; *Commonwealth v. Fink*, 791 A.2d 1235, 1249 (Pa. Super. 2002).

For the foregoing reasons, we conclude that that the trial court did not err in its admission of the preliminary hearing testimony or in its rulings limiting evidence that Appellant sought to introduce. Accordingly, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/2019