## Commonwealth v. Checo

C.P. of Monroe County, no. 883 Criminal 2009.

*Barbara J. Fitzgerald, assistant district attorney,* for Commonwealth.

*Jason Leon,* for defendant.

SIBUM, *J.,* October 20, 2010—Defendant has filed a pretrial motion requesting that he be discharged from

prosecution for failure of the Commonwealth to comply with rule 600 of the Pennsylvania Rules of Criminal Procedure. In his motion, defendant also renews a prior pretrial motion seeking to exclude from evidence at trial the preliminary hearing transcript of a deceased witness. For the reasons that follow, we will deny defendant's motion.

## BACKGROUND

Defendant was arrested on April 16, 2009 on drug charges. A criminal complaint was filed that same day charging defendant with possession with intent to deliver a controlled substance, heroin, and a number of related offenses.

Defendant's preliminary hearing was held on May 20, 2009 at which time all charges were bound over for court. Defendant was arraigned on July 6, 2009 and placed on the September 2009 criminal trial term. On July 14, 2009, defendant's counsel filed a motion to withdraw. Hearing on the motion was held on July 28, 2009 at which time the court granted counsel's motion. Due to a conflict in the public defender's office, which rendered it unable to represent the defendant, the public defender filed a motion to appoint conflict counsel on August 18, 2009. The next day, August 19, 2009, attorney Jason Leon was appointed as counsel for the defendant.

The defendant, through his attorney, filed a motion to compel discovery on October 21, 2009, which was immediately prior to the first call of the November criminal trial list. Hearing on the defendant's motion was held on November 18, 2009, which was after the date for jury selection for the November criminal trial term. At

the November 18, 2009 hearing on defendant's motion, counsel advised the court that the discovery issues had been resolved between the parties and that the motion was now moot. The court issued an order at the November 18, 2009 hearing in which it indicated that the discovery motion was moot. The court's November 18, 2009 order also extended the deadline for defendant to file an omnibus pretrial motion for thirty (30) days.

On December 18, 2009, the last day in which defendant had to file an omnibus motion, defendant did in fact file such motion. Hearing on the motion occurred on January 12, 2010, a date after the date reserved for jury selection for the January criminal trial term. A decision on defendant's motion was not issued by the court until March 25, 2010, a date after the date for jury selection for the March criminal trial term.

On April 19, 2010, defendant filed a motion to exclude the preliminary hearing transcript from evidence. The filing of defendant's motion to exclude the transcript occurred directly prior to the call of the May criminal trial list. A hearing on defendant's motion to exclude transcript was held on April 29, 2010, and a decision on the motion was not issued by the court until June 3, 2010, which was after the conclusion of the May criminal trial term.

The case was then scheduled for the July 2010 criminal trial term, a jury was empanelled, and testimony began on August 4, 2010. At the August 4, 2010 trial, counsel for the defendant uncovered discovery sitting on the assistant district attorney's table which had not been turned over by the Commonwealth to the defendant. Due to the nature of the discovery, this court granted defendant's motion for

mistrial due to concern that the newly discovered evidence may have presented a conflict of interest for defendant's counsel, which issue needed further investigation. The defendant's case was then placed on the next trial term, September 2010 criminal term of court.

On September 1, 2010, immediately prior to the commencement of the September 2010 criminal trial term, defendant filed the present motion. We are now prepared to dispose of defendant's motion.

## DISCUSSION

In his motion, defendant argues that he should be discharged from prosecution because his rights to a speedy trial under Rule 600 of the Pennsylvania Rules of Criminal Procedure have been violated. Rule 600, Prompt Trial, reads in relevant part, as follows:

(A)(2) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed.

(3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

(C) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his

or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives rule 600;

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

(E) No defendant shall be held in pretrial incarceration on a given case for a period exceeding 180 days excluding time described in paragraph (C) above. Any defendant held in excess of 180 days is entitled upon petition to immediate release on nominal bail. Pa.R.Crim.P. §600.

Pa.R.Crim.P. §600 "provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time." *Commonwealth v. Murray*, 879 A.2d 309, 314 (Pa. Super. 2006). The burden of ensuring that trial is commenced in a timely manner rests with the Commonwealth, not the defendant. *Commonwealth v. McCutcheon*, 488 A.2d 281, 284 (Pa. Super. 1985). The Commonwealth must demonstrate by a preponderance of evidence that it exercised due diligence in attempting to timely bring a case to trial. *Commonwealth v. Johnson*, 592 A.2d 706,

709 (Pa. Super. 1991). The standard of due diligence does not require the Commonwealth to exercise every conceivable effort, but rather requires the Commonwealth to make reasonable efforts to bring a case to trial in a timely manner. *Id.* See also *Commonwealth v. Wentzel*, 641 A.2d 1207, 1209 (Pa. Super. 1994).

When a case has a possible rule 600 problem, prosecutors must do everything reasonable within their power to see that the case is tried on time. *Commonwealth v. Aaron*, 804 A.2d 39, 44 (Pa. Super. 2002). When a delay occurs in a case as a result of the filing of a pretrial motion by a defendant, the Commonwealth must demonstrate by a preponderance of the evidence that it exercised due diligence in opposing or responding to the pretrial motion. *Commonwealth v. Hill*, 558 Pa. 238, 254, 736 A.2d 578, 587 (1999); *Commonwealth v. Lynn*, 2003 WL 22497438 (Pa. Com. Pl. 2003).

In this case, the Commonwealth has been prepared to bring the defendant to trial during every trial term subsequent to arraignment. The Commonwealth, however, was denied this opportunity by the timing of the filing of defendant's motions and the subsequent delay caused while awaiting judicial decision. In addition, the Commonwealth opposed or responded to every motion filed by the defendant in a timely manner. Further delay has been caused by the schedule of criminal trial term occurring in the Monroe County Court of Common Pleas. There is no evidence presented to suggest that the Commonwealth allowed this case to "slip through the cracks" or failed to try this case on time. Accordingly, we find that the Commonwealth has demonstrated due diligence. Defendant's motion for

dismissal pursuant to rule 600 will be denied.

The second issue raised by defendant in his pretrial motion is that the preliminary hearing transcript of the late Elaine Volkert should be excluded from evidence at trial on the grounds that defendant did not have a full and fair opportunity to cross examine Ms. Volkert with respect to discovery received by defendant after the time of the preliminary hearing. This issue was previously raised by defendant in his motion to exclude preliminary hearing transcript which he filed on April 19, 2010. Said motion was denied by this court by the Honorable Ronald E. Vican, President Judge, by virtue of Judge Vican's opinion and order dated June 3, 2010.

In renewing his motion, the defendant argues that the deceased witness was not confronted with inconsistencies at the time of the preliminary hearing in as much as the discovery received at the time of the August 4, 2010 mistrial and thereafter was not available at the time of the preliminary hearing for use in cross-examining Elaine Volkert. The previously undisclosed discovery includes a small notebook titled "Betty's phone book," photographs, fingerprints of unknown result, the defendant's fingerprint card, an e-mail between police departments identifying several of the key players in the Volkert/Grube drug dealings, letters allegedly written by the defendant to other individuals, Accurint searches and additional drug task force reports. Defendant claims that because this information was not available to him at the time of the preliminary hearing and was not disclosed until just prior to the filing of the instant motion, the defendant was unable to cross examine Ms. Volkert with regard to

these alleged material issues. Defendant argues that given the circumstances, his constitutional right to confront witnesses would be violated if the preliminary hearing transcript were allowed into evidence at the time of trial. We disagree.

Under both the Pennsylvania and United States Constitutions, a criminal defendant has a right to confront and cross examine the witnesses against him. *Commonwealth v. Bazemore*, 531 Pa. 582, 585, 614 A.2d 684, 685 (1992) (citing *Commonwealth v. McGrogan*, 523, Pa. 619, 620, 568 A.2d 924, 927 (1990)). The introduction of an unavailable witnesses' prior recorded testimony from the preliminary hearing is admissible at trial and will not offend the defendant's right of confrontation, provided the defendant had counsel and a full opportunity to cross examine that witness at hearing. *Bazemore*, 614 A.2d at 685; *Commonwealth v. Paddy*, 569 Pa. 97, 77, 800 A.2d 294, 312-13 (2002). In order to have a full and fair opportunity for cross examination, defendant must be apprised of all impeachment evidence at the time of the prior testimony. *Commonwealth v. Johnson*, 758 A.2d 166, 169 (Pa. Super. 2000).

In this case, defendant does not allege and we fail to find how Ms. Volkert would have any knowledge of the small notebook titled "Betty's phone book," photographs, fingerprints of unknown result, the defendant's fingerprint card, an e-mail between police departments identifying several of the key players in the Volkert/Grube drug dealings, letters allegedly written by the defendant to other individuals, Accurint searches and additional drug task force reports. Nor does defendant allege how these

items are relevant or material to his defense. Similarly, the phone book in question is a personal book belonging to Elizabeth Grube. Ms. Grube is still alive and available to testify as to the contents of the book, which was found in her residence and which contains her name on the front page. The same holds true for the photographs at issue. Further, the notebook and photographs were, as was all physical evidence, available for inspection by defendant at anytime, yet defendant never requested to inspect same in preparation for trial. As such, we do not find that counsel's failure to question Ms. Volkert about these above matters renders the transcript of Ms. Volkert's preliminary hearing testimony inadmissible at trial or denies defendant his due process rights.

Accordingly, we enter the following order.

### ORDER

And now, October 20, 2010, after hearing on defendant's motion in Limine, it is ordered as follows:

1.    Defendant's motion to dismiss pursuant to rule 600 is denied.

2.    Defendant's motion seeking to exclude from trial the preliminary hearing transcript is denied.

3.    It is further ordered and directed that defendant and trial counsel shall appear in Courtroom No. 3, Monroe County Courthouse, Stroudsburg, Pennsylvania, on November 3, 2010 at 9:00 A.M., for jury selection with trial to commence as called.