J-S02038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY HOLSTON | : | |
| | : | |
| Appellant | : | No. 553 EDA 2024 |

Appeal from the PCRA Order Entered February 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011205-2014

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 23, 2025**

Gregory Holston appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. Holston raises claims of trial counsel ineffectiveness and after-discovered evidence and argues the PCRA court erred in not holding an evidentiary hearing. We affirm.

The PCRA court set forth the following facts:

> At 12:10 a.m. on September 17, 2014, Police Officers [Michael] Outlaw and [Julius] Caesar responded to a radio call at 5900 Pine Street in Philadelphia. Upon arrival, the officers pulled up next to a black Chevy Malibu and observed the driver and passenger with their faces covered with ski-masks and wearing purple rubber gloves. Officer Outlaw opened the passenger door and observed a rifle with the stock of the weapon next to [Holston's] leg. The female driver of the vehicle had a handgun that fell out of her waistband when she was asked to exit the vehicle. Admitted into evidence during the trial were a ballistics' report divulging that the rifle was operable, a certificate of non-licensure, and [Holston's] criminal record authenticating a

> conviction which made the [Holston] ineligible to possess a firearm at CP-51-CR-1212981-2001.

PCRA Ct. Op., filed Mar. 20, 2024, at 3 (citations to record omitted).

Holston testified at the bench trial, including regarding a letter he claimed to have received from his co-defendant,[1] Rebecca Butler:

> Q. Do you recognize what D-3 is?
>
> A. Yes.
>
> Q. And who is the letter -- or what is that D-3, sir?
>
> A. It's a letter addressed to me. It's an envelope.
>
> Q. What's the name on top?
>
> A. Becky B.
>
> Q. And who is the letter to?
>
> A. Gregory Holston.
>
> Q. Do you see what date it was sent?
>
> A. It was sent August 2015.
>
> Q. Sir, D-2 -- is D-2 what was inside D-3?
>
> A. Yes.
>
> Q. And do you recognize that writing?
>
> A. Yes, sir.
>
> Q. How do you recognize that writing?
>
> A. It's Rebecca's. She wrote me quite a few times.
>
> Q. And did you ever communicate to her?
>
> A. Yes, sir.

---

[1] The letter stated, among other things, that while Holston was asleep in the car, she met another person who "told [her] to hold his guns[,]" and the "next thing [she] know the cops pulled [them] up." Def.'s Trial Exh. D2.

Q. How did you communicate other than the letter?

A. Through phone.

Q. Okay.

And did she ever discuss this letter with you?

A. Yes.

Q. And did you ever ask her to come testify?

A. She said that she wanted to. I didn't ask her. She said she wanted to, but someone wouldn't allow her to do so.

Q. And who is that someone?

A. Her lawyer.

N.T., Dec. 21, 2015, at 54-56.

The trial court convicted Holston of persons not to possess firearms and carrying a firearm on public streets in Philadelphia.[2] The court imposed an aggregated sentence of seven and one-half to 15 years' incarceration and five years' probation. Holston filed a post-sentence motion, which was denied by operation of law. He did not raise a weight of the evidence claim in his counseled post-sentence motion.[3] He filed an appeal, and, in July 2017, this Court affirmed the judgment of sentence.

_____

[2] 18 Pa.C.S.A. §§ 6105 and 6108, respectively.

[3] Holston filed a *pro se* post-sentence motion, while he still was counseled, where he claimed, among other things, that the verdict was contrary to the weight of the evidence. Criminal Post-Sentence Motion, filed Mar. 18, 2016, at 2. Holston filed a counseled motion for reconsideration of sentence, where he did not raise such a claim. Motion to Reconsider Sentence, filed Mar. 22, 2016.

On direct appeal, Holston raised a weight of the evidence claim. The trial court addressed this claim in its Rule 1925(a) opinion, finding it lacked merit:

> The evidence in this case was both compelling and substantial. The police responded to a radio call to the 5900 block of Pine Street in Philadelphia after midnight. They pulled up to [Holston's] car, in which two people were sitting wearing ski-masks and rubber gloves. Next to [Holston's] leg and between his leg and the console was a rifle. The driver's handgun fell out of her waistband when asked to exit the car. Ballistics confirmed both weapons were operable and a certificate of non-licensure was properly admitted into evidence. Clearly this conviction does not shock the conscious of the court and needs be upheld.

Trial Ct. Op, filed Nov. 8, 2016, at 6-7. This Court found the claim waived because Holston failed to raise it in a post-sentence motion. ***Commonwealth v. Holston***, No. 2591 EDA 2016, 2017 WL 3037527, unpublished memorandum at *2-3 (Pa.Super. filed July 18, 2017).

In July 2018, Holston filed a *pro se* Emergency Petition for Writ of Habeas Corpus and petition pursuant to the PCRA. In April 2023, counsel filed an amended PCRA petition.[4] The PCRA court sent notice of its intent to dismiss the petition without a hearing and, in February 2024, it dismissed the petition. Holston filed an appeal.

Holston raises the following issues:

---

[4] The record does not contain information to explain the delay. In July 2021, Holston wrote to the court to request an update on the status of his case. Letter from Holston to Clerk of Courts, dated July 20, 2021. Shortly after this, the docket lists new counsel for Holston. Following counsel's entry, the PCRA hearing was continued numerous times, until the amended petition was filed.

I. The trial attorney failed to preserve the weight of the evidence claim by failing to file a post-verdict motion.

II. The trial attorney was ineffective for failing to file a motion to suppress.

III. [Holston] is entitled to a new trial based on the newly discovered evidence that would likely change the outcome of his case.

IV. The trial attorney failed to call a witness, Rebecca Butler[.]

V. The PCRA court was in error not granting an evidentiary hearing.

Holston's Br. at 7.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Holston's first, second, and fourth issues challenge the effectiveness of counsel. To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa.Super. 2011) (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of [the] petitioner's

claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279). "To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127-28 (Pa. 2011).

Holston first argues that his trial counsel was ineffective for failing to preserve a weight claim. He points out that counsel raised this claim on direct appeal, but this Court found it waived because counsel had failed to preserve it in a post sentence motion. Holston maintains Officer Caesar's trial testimony was inconsistent and he had motive to fabricate "parts of his story based on holes that would have shown in his arrest of Ms. Butler and Mr. Holston." Holston's Br. at 12. He further argues that the officer's testimony contradicted written statements, the officer admitted he had not seen Holston in physical possession of the firearm, there was a dispute about whether the firearm was on the right or left side and, if on the right, Holston maintains he could not have seen it. Holston claims he "testified he did not know the rifle was there and due to the confusion in the officer's testimony the verdict was against the weight of the evidence." *Id.* at 14. He maintains this claim has arguable merit, his counsel lacked a reasonable basis for not preserving the claim, and he was prejudice by the failure.

The trial court concluded in its Rule 1925(a) opinion filed on direct appeal that the underlying claim—that the verdict was against the weight of the evidence—lacked merit. After review of the briefs, trial court record,

relevant case law, and the well-reasoned opinion of the Honorable J. Scott O'Keefe, we affirm on the basis of the PCRA court opinion. Trial Ct. Op. at 6-7.

Holston next argues his trial counsel was ineffective for failing to file a motion to suppress evidence. He maintains the arrest stemmed from an unverified anonymous call. He claims the police attempted to call the person who left the tip, but no one answered the phone. He notes that anonymous tips should be treated with suspicion and, without more, an anonymous tip cannot constitute reasonable ground to suspect an individual is armed and dangerous. Holston maintains the motion to suppress would have had merit, counsel had no reasonable basis for not filing it, and he was prejudiced by the failure.

Here, the PCRA court found the underlying claim lacked merit. It reasoned the police had reasonable suspicion to investigate where they received an anonymous call that a robbery was imminent and that there was a black Chevy with two armed people inside, the responding officer found a black Chevy at the specified location with its interior lights on, the officers saw Holston and his co-defendant through the windshield, and Holston and his co-defendant had ski-masks covering their faces in mid-September and wore purple gloves. The court found the anonymous tip had been corroborated. After review of the briefs, trial court record, relevant case law, and the PCRA court opinion, we affirm on the basis of the PCRA court opinion. PCRA Ct. Op. at 8-11.

Holston also argues his counsel was ineffective for failing to call his co-defendant Butler as a witness at trial, as her testimony would have supported his theory of the case. He argues trial counsel knew about Butler, based on a letter sent to Holston and because counsel mentioned her at trial. Further, Holston maintains the letter indicates Butler would have testified that the weapons were not Holston's weapons. He argues he suffered prejudice by counsel's failure to subpoena her.

To establish counsel was ineffective for failing to call a witness, the petitioner must plead and prove:

> (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Pander*, 100 A.3d 626, 639 (Pa.Super. 2014) (*en banc*). "A witness who invokes his or her Fifth Amendment privilege is deemed 'unavailable' for the purpose of testifying," where "the witness'[s] concern with self-incrimination is legitimate." *Commonwealth v. Bazemore*, 614 A.2d 684, 685 (Pa. 1992).

The PCRA court found Butler was unavailable at the time of trial. It pointed out that counsel questioned Holston at trial about the letter, and Holston stated that Butler had wanted to testify at his trial but her attorney

would not allow her to do so.[5] After review of the briefs, the trial court record, the relevant law, and the trial court opinion, we affirm on the basis of the trial court opinion. *See* PCRA Ct. Op. at 13-15.

In his third claim, Holston argues the PCRA court erred in not granting a new trial based on new, exculpatory evidence not previously available. He maintains Officer Outlaw was charged with misconduct and, had the jury heard that information, it would have given a different verdict. Holston claims that in October 2021, counsel received notice from the District Attorney's Office disclosing that Officer Outlaw, who was involved in the investigation of Holston, "may have engaged in misconduct." Holston's Br. at 17. The misconduct claim against Officer Outlaw involved allegations that he had punched a suspect two times in the back while the suspect was handcuffed on the ground. He was found not guilty of a violation of the Disciplinary Code and unauthorized and/or excessive use of force in official capacity. Holston maintains "the fact that Officer Outlaw was involved in [Holston's] investigation, and has been officially involved in police misconduct, that included repeatedly striking a man who was already in custody[,] was crucial for the defense counsel to know." Holston's Br. at 17-18. He maintains this new information necessitates a new trial.

_____

[5] The PCRA court also noted that the relied-on letter allegedly exonerating Holston was not signed, and such a document is not sufficient to require an evidentiary hearing. PCRA Ct. Op. at 13-14.

A petitioner asserting an after-discovered evidence claim under the PCRA must plead and prove that: "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." ***Commonwealth v. Cox***, 146 A.3d 221, 228 (Pa. 2016) (quoting ***Commonwealth v. D'Amato***, 856 A.2d 806, 823 (Pa. 2004)).

The PCRA court found Holston's claim lacked merit. It pointed out that Officer Outlaw had been found not guilty of assault, and that there was no allegation of any *crimen falsi* crime. Further, it found Holston did not establish the verdict would have been different and that there was no nexus between Holston's case and the police misconduct case. It noted that "[u]nrelated allegations in unrelated cases are not after-discovered evidence and do not warrant any relief." PCRA Ct. Op. at 12. After review of the briefs, the trial court record, the relevant law, and the PCRA court opinion, we affirm on the basis of the PCRA court opinion. ***See*** PCRA Ct. Op. at 11-13.

In his last issue, Holson argues that the PCRA court erred in denying his petition without an evidentiary hearing. He claims he raised genuine issues of material fact and therefore the court should have held an evidentiary hearing.

We review the denial of a request for an evidentiary hearing for abuse of discretion. ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015). "[T]here is no absolute right to an evidentiary hearing on a PCRA petition." ***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa.Super. 2019) (quoting

*Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa.Super. 2008)). Rather, if "the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Id.* (citation omitted). Therefore, "[t]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Id.* (citation omitted).

The PCRA court concluded that Holston was not entitled to an evidentiary hearing because his claims lacked merit. This was not an abuse of discretion. As discussed above, we agree with the PCRA court that the record demonstrates that Holston's claims lack merit. We further conclude that he did not raise a genuine issue of material fact as to any claim.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/23/2025