J-S09004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JIRIES N. AYOUB | : | |
| | : | |
| Appellant | : | No. 773 EDA 2025 |

Appeal from the PCRA Order Entered February 18, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001214-2019

BEFORE: MURRAY, J., LANE, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.: **FILED MAY 4, 2026**

Jiries N. Ayoub (Appellant) appeals from the order dismissing his first

petition timely filed pursuant to the Post Conviction Relief Act (PCRA), 42

Pa.C.S.A. §§ 9541-9546. We affirm.

In a prior appeal, this Court detailed the facts underlying Appellant's

convictions as follows:

> On February 15, 2019, officers of the Marple Police Department
> were dispatched to 2221 Winding Way in Marple Township [(the
> residence)] for the report of a domestic matter between a father
> and a son. [Upon arriving at the residence, police spoke with
> Nabeel Ayoub ("Victim" or "the victim"), Appellant's father. Victim
> reported that he] had attempted to wake Appellant, and a short
> time later, when Victim was back in his own bedroom, Appellant
> kicked [Victim's bedroom] door heavily. To protect himself, Victim
> grabbed a machete and cracked the door enough to show [the
> machete] to Appellant, who was 3-4 feet away from the door….
> At that time, Appellant began shooting Victim with a pellet gun,

_____

* Former Justice specially assigned to the Superior Court.

and then the police arrived. Upon arrival at the [residence], the officers observed Victim[,] who was visibly shaken, in pain, injured, and had blood on the sleeve of his shirt. Officers took pictures of the scene and gathered evidence[. Appellant] was taken into custody[,] and Victim was sent for medical treatment by ambulance.

*Commonwealth v. Ayoub*, 268 A.3d 454, 1394 EDA 2020 (Pa. Super. 2021) (unpublished memorandum at 1-2) (citation, brackets, and ellipses omitted).

In February 2019, the Commonwealth charged Appellant with one count each of aggravated assault, recklessly endangering another person (REAP), possession of an instrument of crime (PIC), and harassment, as well as two counts of simple assault.[1]

The matter proceeded to a preliminary hearing on February 25, 2019, wherein Victim testified on behalf of the Commonwealth.

Appellant was represented by counsel at the preliminary hearing and Appellant's counsel cross-examined Victim at length. N.T., 2/25/19, at 3, 19-36, 39-42.[2] On October 22, 2019, Appellant

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2705, 907(a), 2709(a)(1), 2701(a)(1) and (a)(2).

[2] At the preliminary hearing, the Commonwealth also presented testimony from Marple Police Department Sergeant H. Tony Colgan (Sergeant Colgan). Sergeant Colgan was the first officer who arrived at the residence in response to the police dispatch, and testified as follows regarding the interaction he had with Victim:

[Victim] said [he] was attempting to wake [Appellant. Victim stated that Appellant] took [Victim's] wife's car [the previous evening], [Appellant] was out all night, [and Victim had] been trying to wake [Appellant] up for hours. [Victim] said finally [he] woke [Appellant] up and [Appellant] started fighting with [Victim]. [Victim] said [Appellant] had a gun. [Victim stated that he]

*(Footnote Continued Next Page)*

waived his right to a jury trial, and a bench trial was held on October 22, 2019, and October 25, 2019.[3]

At this trial, two of the police officers who came to the scene immediately after the incident testified, but Victim failed to appear. At the start of the trial, the Commonwealth advised the trial court that Victim had been subpoenaed by the Commonwealth to appear that day, and that an attorney for Victim had advised that Victim intended to assert his Fifth Amendment right against self-incrimination and would not testify or appear in court. N.T., 10/22/19, at 10-11. Counsel for Victim was present and confirmed that he had repeatedly advised Victim to come to court and that Victim chose not to appear. *Id.* at 11-12. At the Commonwealth's request, the trial court issued a material witness warrant for Victim. *Id.* On October 25, 2019, when the trial resumed, the Commonwealth represented that the sheriff's office and police had been looking for Victim for three days, and had not succeeded in arresting Victim on the warrant[. The Commonwealth] requested that it be allowed to introduce in evidence Victim's testimony from the preliminary hearing. N.T., 10/25/19, at 6-7, 14. After examining Victim's preliminary hearing testimony, the trial court ruled that Victim was unavailable, and that Appellant had a full and fair opportunity to cross-examine Victim at the preliminary hearing,[4] and admitted

_____

grabbed the machete [and] locked [himself] in [his] room because [he] was afraid. [Sergeant Colgan then asked Victim, "W]hat happened next?[" Victim] said [Appellant] kicked open the door and started shooting at [Victim].

N.T., 2/25/19, at 46 (some punctuation modified).

[3] Appellant was represented at trial by Steven Leach, Esquire (Trial Counsel). At his preliminary hearing, Appellant was represented by different counsel.

[4] The ***Ayoub*** Court explained that

[a]dmission of the preliminary hearing testimony of a witness who is unavailable at trial is permissible under Rule 804(b)(1) of the Pennsylvania Rules of Evidence and does not violate the defendant's right of confrontation if the defendant was represented by counsel at the preliminary hearing and had a full

*(Footnote Continued Next Page)*

Victim's preliminary hearing testimony[, over Appellant's objection]. *Id.* at 11-13.

*Ayoub*, 268 A.3d 454 (unpublished memorandum at 2-3) (footnotes added; some punctuation modified).

The Commonwealth next presented testimony from Sergeant Colgan. Sergeant Colgan testified that he responded to the residence shortly after receiving the police dispatch, and recounted Victim's contemporaneous statements made to Sergeant Colgan at the residence. *See* N.T., 10/25/19, at 16-20; *see also* Pa.R.E. 804(b)(1). On direct examination, Sergeant Colgan testified, "[Victim] told me that his son came after him with a gun, that he armed himself with a knife, had locked himself in the bedroom and yelled for his daughter to call the police." N.T., 10/25/19, at 18. Sergeant Colgan testified that law enforcement seized from Appellant's bedroom a "compressed gas[-]propelled pellet gun." *Id.* at 20.

At trial, Appellant did not testify or present any witnesses. However, the trial court considered closing argument from Trial Counsel. *See id.* at 42-52. Trial Counsel asserted that Victim's preliminary hearing testimony

_____

and fair opportunity to cross-examine the witness at the preliminary hearing. *Commonwealth v. Wholaver*, 989 A.2d 883, 901-05 (Pa. 2010); *Commonwealth v. Mitchell*, 152 A.3d 355, 358-59 (Pa. Super. 2016); *Commonwealth v. Leak*, 22 A.3d 1036, 1043-47 (Pa. Super. 2011).

*Ayoub*, 268 A.3d 454 (unpublished memorandum at 2-3) (citations modified); *see also* Pa.R.E. 804(b)(1) (providing an exception to the rule against hearsay for former testimony given by an unavailable declarant).

- 4 -

established a justification defense for Appellant. *See*, *e.g.*, *id.* at 50 (Trial Counsel arguing, "[o]nce a person brandishes a machete at you, I think at this particular point you have a right to defend yourself, and that's what [Appellant] did."). Trial Counsel also highlighted purported inconsistencies between Victim's preliminary hearing testimony and the trial testimony presented by Sergeant Colgan, wherein he recounted Victim's contemporaneous statements at the residence. *See id.* at 46-48.

At the conclusion of trial, the trial court found Appellant guilty of one count each of aggravated assault, REAP, PIC, and simple assault.[5] *Id.* at 56. The court deferred sentencing pending preparation of a presentence investigation report and psychological evaluation. On December 11, 2019, the trial court sentenced Appellant to an aggregate term of 100 to 200 months' incarceration.

Appellant timely filed post-sentence motions seeking, *inter alia*, a new trial, arguing the trial court's admission of Victim's preliminary hearing testimony was erroneous and deprived Appellant of a fair trial. Post-Sentence Motions, 12/16/19, ¶¶ 8-13; Post-Sentence Motions, 1/13/20, ¶¶ 5-16. The trial court denied Appellant's post-sentence motions by operation of law. *See* Pa.R.Crim.P. 720(B)(3).

---

[5] The trial court acquitted Appellant of one count each of simple assault and harassment.

Appellant timely filed a direct appeal through new counsel, William P. Wismer, Esquire (Direct Appeal Counsel). Appellant argued, in relevant part, the trial court erred in admitting Victim's preliminary hearing testimony, in violation of Appellant's rights under the Confrontation Clause of the Sixth Amendment. *See Ayoub*, 268 A.3d 454 (unpublished memorandum at 5-8). This Court discerned no error, as to either this evidentiary issue or Appellant's remaining issues—challenging the weight and sufficiency of the evidence supporting his convictions—and affirmed the judgment of sentence. *See generally id.* Our Supreme Court subsequently denied Appellant's petition for allowance of appeal. *Commonwealth v. Ayoub*, 283 A.3d 789 (Pa. 2022).

On September 8, 2023, Appellant timely filed the instant PCRA petition,[6] his first, through private counsel, Illon R. Fish, Esquire (PCRA Counsel). Appellant claimed Trial Counsel's ineffectiveness, as well as a violation of Appellant's constitutional rights, and requested an evidentiary hearing. *See generally* PCRA Petition, 9/8/23. Regarding the purported constitutional violation, Appellant asserted as follows:

> [Appellant] was not given a full opportunity to cross[-]examine the [victim] at the preliminary hearing given that [the defense was] not made aware of vital impeachment evidence. During the preliminary hearing, the [victim] testified that during the alleged

---

[6] Pursuant to Section 9545(b)(1) of the PCRA, all PCRA petitions must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Instantly, the timeliness of Appellant's petition is undisputed.

incident with [Appellant, the victim] retrieved a machete and waved it in [Appellant's] direction. N.T., 2/25/19, at 11-13. **After waving it at [Appellant] is when [Appellant] retrieved a [pellet] gun and began firing.** *Id.* The order of events is extremely crucial here because it indicates who was defending themselves and who was the aggressor.

\* \* \*

This is vital impeachment evidence of the [victim,] as it shows he was attempting to downplay his role in the alleged incident to police.

*Id.* ¶¶ 43-45, 48 (emphasis added; formatting, some capitalization, and citation modified).

PCRA Counsel filed an amended petition on May 15, 2024. On August 15, 2024, the Commonwealth filed a motion to dismiss.

On January 14, 2025, the PCRA court issued a thorough Pa.R.Crim.P. 907 notice (Rule 907 Notice) of its intent to dismiss Appellant's amended PCRA petition without a hearing. Appellant did not file a response. On February 18, 2025, the PCRA court dismissed Appellant's petition. This timely appeal followed.[7]

On May 19, 2025, PCRA Counsel filed in this Court a motion to withdraw as counsel, asserting that Appellant had not retained Counsel's services in connection with an appeal. On June 9, 2025, this Court granted PCRA Counsel

_____

[7] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, nor did Appellant file a concise statement. However, the PCRA court issued a Rule 1925(a) opinion on July 23, 2025, which incorporated the reasoning set forth in the court's Rule 907 Notice.

permission to withdraw, and directed the PCRA court to determine Appellant's eligibility for court-appointed counsel. *See* Pa.R.Crim.P. 904(C) (providing that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."). Pursuant to this Court's order, the PCRA court conducted a hearing on the matter on July 22, 2025. The PCRA court appointed Appellant new counsel, Stephen D. Molineux, Esquire, who filed an appellate brief on Appellant's behalf.

On appeal, Appellant presents three issues for our review:

1. Whether the PCRA court erred in denying Appellant's PCRA petition, *without a hearing*, where Appellant asserts that he was denied his constitutional right to a full and fair cross[-]examination of the victim, when the Commonwealth failed to disclose vital impeachment evidence relating to the victim's prior inconsistent statement to police.

2. Whether the PCRA court erred in denying Appellant's PCRA petition, *without a hearing*, where Appellant asserts that he was denied effective assistance of counsel, as guaranteed by the Pennsylvania and United States Constitutions, when [Direct Appeal] Counsel failed to raise the issue that the Commonwealth failed to disclose vital impeachment information, thereby resulting in a cross[-]examination of the victim that was not full and fair.

3. Whether the PCRA court erred in denying Appellant's PCRA petition, *without a hearing*, where Appellant asserts that he was denied effective assistance of PCRA Counsel, as guaranteed by the Pennsylvania and United States Constitutions, when PCRA Counsel failed to raise that [Direct Appeal] Counsel was ineffective for failing to specifically raise that the Commonwealth failed to disclose vital impeachment

information to negate the full and fair cross[-]examination of the victim, and preclude the preliminary hearing testimony.

Appellant's Brief at 5-6 (emphasis in original; some capitalization and punctuation modified; issues reordered).

We review the dismissal of a PCRA petition to determine "whether the PCRA court's factual findings are supported by the record and free of legal error." **Commonwealth v. Thomas**, 323 A.3d 611, 620 (Pa. 2024). We consider the evidence of record, and the findings of the PCRA court, "in a light most favorable to the prevailing party." **Commonwealth v. Montalvo**, 205 A.3d 274, 286 (Pa. 2019); **see also Commonwealth v. Diaz**, 183 A.3d 417, 421 (Pa. Super. 2018) (stating appellate courts "grant great deference to the PCRA court's findings that are supported in the record." (citation omitted)). We review a PCRA court's legal conclusions *de novo*. **Montalvo**, 205 A.3d at 286.

This Court has explained that

[t]here is no absolute right to an evidentiary hearing on a [PCRA] petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

**Commonwealth v. McCready**, 295 A.3d 292, 298 (Pa. Super. 2023) (citation omitted); **see also Commonwealth v. Williams**, 244 A.3d 1281, 1287 (Pa. Super. 2021) ("It is within the PCRA court's discretion to decline to

hold [an evidentiary] hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." (citation omitted)).[8]

As our Supreme Court has explained,

[t]o be entitled to PCRA relief, a petitioner must establish, by a preponderance of the evidence, that the conviction or sentence resulted from one or more of the enumerated errors set forth in 42 Pa.C.S.A. § 9543(a)(2). These include, *inter alia*, a constitutional violation or ineffective assistance of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(i)-(ii).

***Commonwealth v. Johnson***, 289 A.3d 959, 979 (Pa. 2023) (citations modified).

In his first issue, Appellant contends the PCRA court erred in dismissing his PCRA petition, without conducting an evidentiary hearing, where (1) he was deprived of his constitutional right to confront witnesses against him[9]

_____

[8] Pursuant to Section 9545 of the PCRA, any petition requesting an evidentiary hearing must include a certification by each intended witness outlining the substance of their proposed testimony, and a copy of any material documentary evidence. 42 Pa.C.S.A. § 9545(d)(1)(i) ("Where a petitioner requests an evidentiary hearing, the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony."); ***see also*** Pa.R.Crim.P. 902(A)(15). Instantly, Appellant certified in his PCRA petition he intended to present testimony from Direct Appeal Counsel at an evidentiary hearing. ***See*** PCRA Petition, 9/8/23, ¶ 85(a); ***see also id.*** n.2 (Appellant explaining Trial Counsel cannot be called as a witness as he is deceased).

[9] Our Supreme Court has explained that

*(Footnote Continued Next Page)*

- 10 -

based on the improper admission of Victim's preliminary hearing testimony at trial; and (2) the Commonwealth failed to disclose to the defense, before Appellant's trial, "vital impeachment evidence" in the form of Victim's purported "prior inconsistent statement" to law enforcement. *See* Appellant's Brief at 12-15.

Appellant maintains that

the testimony [from Sergeant] Colgan at the trial included alleged statements that were made by the victim[,] in contradiction to what the victim had testified to at the preliminary hearing. [Trial] Counsel was unable to cross[-]examine the victim fully because this statement was not disclosed by the Commonwealth.

*Id.* at 10. Specifically, Appellant points to Sergeant Colgan's testimony at trial that "[Victim] told me that his son came after him with a gun, that he armed himself with a knife, had locked himself in the bedroom and yelled for his daughter to call the police." *Id.* at 14-15 (quoting N.T., 10/25/19, at 18);

_____

[t]he Confrontation Clause of the Sixth Amendment, made applicable to the States via the Fourteenth Amendment, provides that "in all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him…." In *Crawford* [*v. Washington*] 541 U.S. [36,] 51 [(2004)], the Court held that the Sixth Amendment guarantees a defendant's right to confront those "who bear testimony" against him, and defined "testimony" as "a solemn declaration or affirmation made for the purpose of establishing or proving some fact." The Confrontation Clause, the High Court explained, prohibits out-of-court testimonial statements by a witness unless the witness is unavailable and the defendant had a prior opportunity for cross-examination.

*Commonwealth v. Yohe*, 79 A.3d 520, 530-31 (Pa. 2013) (footnotes and some citations omitted).

- 11 -

*see also* Rule 907 Notice, 1/14/25, at 4 (PCRA court finding that "[Appellant's] claim is based on one sentence of trial testimony by" Sergeant Colgan). Appellant asserts that this statement is inconsistent with Victim's testimony at the preliminary hearing, wherein Victim purportedly "admitted that he flashed the machete at Appellant and *after that*, Appellant got his [pellet] gun." Appellant's Brief at 14 (italics in original) (citing N.T., 2/25/19, at 33-34).

Appellant contends Victim's "preliminary hearing testimony should not have been admitted as Appellant did not have the opportunity for a full and fair cross[-]examination of [Victim] because the Commonwealth withheld this vital evidence." ***Id.*** at 15. Appellant points out that

> [p]reliminary hearing testimony can only be admitted at trial when a witness is unavailable and [the] defense had a full and fair opportunity to cross[-]examine that witness. ***Commonwealth v. Paddy***, 800 A.2d 294 (Pa. 20[0]2). However, if vital impeachment evidence is withheld prior to the hearing where the witness testified, then the cross[-]examination would not be full and fair. Vital information includes prior inconsistent statements. ***Commonwealth v. Bazemore***, [614 A.2d 684, 687-88] (Pa. 1992).

Appellant's Brief at 13-14 (some punctuation modified).

Appellant's claim is not cognizable because it was previously litigated. To be eligible for relief under the PCRA, the petitioner must show that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). "An issue is previously litigated if 'the highest appellate court in which [an appellant] could have had review as a matter of right has ruled

- 12 -

on the merits of the issue.'" *Commonwealth v. Cousar*, 154 A.3d 287, 296 (Pa. 2017) (quoting 42 Pa.C.S.A. § 9544(a)(2)). Pertinently, our Supreme Court has stated that "a petitioner cannot obtain post-conviction review of claims that were previously litigated on appeal by … presenting new theories of relief." *Johnson*, 289 A.3d at 998 (citation omitted); *see also Commonwealth v. Bond*, 819 A.2d 33, 39 (Pa. 2002) (same).

Instantly, in Appellant's direct appeal, this Court rejected his challenge to the admission of Victim's preliminary hearing testimony. *See Ayoub*, 268 A.3d 454 (unpublished memorandum at 7-9). Specifically, we held that Victim's prior testimony was admissible consistent with Pa.R.E. 804(b)(1) and *Wholaver*, *supra*, where (1) "[t]he record shows that Appellant had a full and fair opportunity to cross-examine Victim at the preliminary hearing"; and (2) "the trial court did not abuse its discretion in concluding that the Commonwealth had shown that it made a good-faith effort to obtain Victim's attendance at trial." *Ayoub*, 268 A.3d 454 (unpublished memorandum at 7, 9).

The *Ayoub* Court additionally observed that

> [i]f the defendant was not denied vital impeachment evidence, such as a prior inconsistent statement by the witness, the witness's criminal record, or pending criminal charges against the witness, and defense counsel was not restricted in his cross-examination, the fact that defense counsel did not cross-examine the witness as extensively as he would have at trial does not constitute a deprivation of the right of confrontation and does not constitute grounds for exclusion of an unavailable witness's preliminary hearing testimony.

> *Commonwealth v. Leaner*, … 202 A.3d 749, 775 (Pa. Super. 2019); *Mitchell*, 152 A.3d at 359; *Leak*, 22 A.3d at 1045.

*Id.* (unpublished memorandum at 6) (emphasis added). Applying this standard, this Court rejected Appellant's Confrontation Clause challenge, and further observed that Appellant failed to identify "any evidence that he needed to fully cross-examine Victim that he was denied at the time of the preliminary hearing." *Id.* (unpublished memorandum at 7).

Appellant is precluded from obtaining review of this previously litigated claim by advancing a new theory of relief. *Bond*, 819 A.2d at 39. The factual predicate for Appellant's new theory of relief—Sergeant Coglan's trial testimony regarding the sequence of events in the altercation between Appellant and Victim—was known to Appellant at the time of his direct appeal. *See* Rule 907 Notice, 1/14/25, at 4 (stating "[Appellant] was aware of this information at the time he filed his post-sentence motions and direct appeal but failed to raise the issue then.").

Appellant's recasting his claim in the instant appeal as a challenge to the Commonwealth's failure to disclose impeachment evidence does not prevent this claim from being previously litigated. *Bond*, *supra*. Accordingly, Appellant's claim is not cognizable. *See* 42 Pa.C.S.A. § 9543(a)(3); *see also* Rule 907 Notice, 1/14/25, at 4-5 (determining that Appellant's claim implicating the admission of Victim's preliminary hearing testimony is not cognizable as it was previously litigated).

Moreover, as the PCRA court competently reasoned in its Rule 907 Notice,

> Trial Counsel did preserve the general issue for appellate review by timely objecting to the admission of the victim's prior testimony, arguing that [Appellant] was denied a full and fair opportunity to cross-examine the victim. **See** N.T., 10/25/19, at 6-15. However, this specific claim regarding impeachment evidence was not raised. Consequently, … [Appellant's] constitutional claim [could be deemed] waived. **See** 42 Pa.C.S.A. § 9543(a)(3).
>
> This waiver is further supported by case law, such as **Commonwealth v. Chmiel**, 30 A.3d 1111, 1129-30 (Pa. 2011), where the court found that **Brady**[10] claims were waived when the appellant failed to demonstrate how or when they became aware of the alleged evidence, which was available at the time of trial or direct appeal.

Rule 907 Notice, 1/14/25, at 4 (footnote added; citations and some capitalization modified).

Even if this issue was cognizable, it would not entitle Appellant to relief. As the Commonwealth persuasively argues, Sergeant Colgan's "trial testimony did not constitute an undisclosed prior statement by the victim, and any asserted inconsistency reflects, at most, a minor variation rather than a material contradiction bearing on the victim's core allegations." Commonwealth Brief at 11; **see also id.** at 16 ("As described by Sergeant Colgan, the core sequence of events—the victim's indication that [Appellant]

_____

[10] **See Brady v. Maryland**, 373 U.S. 83 (1963) (holding that due process prohibits the prosecution from suppressing evidence material to guilt or punishment). In the instant case, Appellant did not invoke **Brady** in his PCRA petition or amended petition, nor does he invoke it on appeal.

had a gun, the victim's defensive retrieval of a weapon, and the victim's retreat into a locked room—was materially consistent between the preliminary hearing and trial.").

Finally, we reiterate that Appellant was tried in a bench trial, as opposed to a jury trial. It is established that "a trial court, acting as the trier of fact, is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence." *Commonwealth v. Smith*, 97 A.3d 782, 788 (Pa. Super. 2014); *see also Commonwealth v. Konias*, 136 A.3d 1014, 1022 (Pa. Super. 2016) (citing *Smith* and stating that "in order to constitute reversible error, an error in the admission of evidence must have contributed to the verdict."). Accordingly, Appellant's first issue does not merit relief.

In his second issue, Appellant asserts the PCRA court improperly dismissed his petition, where Direct Appeal Counsel rendered ineffective assistance of counsel (IAC). *See* Appellant's Brief at 19-20. Appellant claims Direct Appeal Counsel was ineffective for failing to raise a claim on direct appeal challenging the adequacy of Trial Counsel's representation. *Id.* at 19. Specifically, Appellant maintains Trial Counsel should have raised an objection that Sergeant Colgan's above-described trial testimony—in which he recounted the victim's contemporaneous statements to law enforcement— constituted a prior inconsistent, and previously-undisclosed, statement. *Id.*

Preliminarily, we observe that Appellant's second issue (1) consists of merely one page of argument; (2) contains no citation to the record or any

authorities; and (3) incorporates by reference arguments set forth in connection with Appellant's third issue—discussed *infra*. ***See*** Appellant's Brief at 19-20. On this basis, we deem Appellant's issue waived. ***See*** Pa.R.A.P. 2119(a) (requiring that each issue in the argument section of a brief must, at a minimum, contain "discussion and citation of authorities as are deemed pertinent."); ***Commonwealth v. Armolt***, 294 A.3d 364, 377 (Pa. 2023) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate an appellant's arguments for him." (citation and brackets omitted)); ***Commonwealth v. Briggs***, 12 A.3d 291, 343 (Pa. 2011) (stating that an appellant waives any claim where he or she "incorporates by reference" prior arguments).

Nevertheless, even if not waived, Appellant's second issue would entitle him to no relief.

Pennsylvania law presumes counsel is effective; a PCRA petitioner bears the burden of proving otherwise. ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018). In order to establish an IAC claim, a PCRA petitioner must plead and prove three prongs:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. ***Chmiel***, 30 A.3d at 1127 (employing ineffective assistance of counsel test from

> *Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987)).
> … Additionally, counsel cannot be deemed ineffective for failing
> to raise a meritless claim.  Finally, because a PCRA petitioner must
> establish all the *Pierce* prongs to be entitled to relief, we are not
> required to analyze the elements of an ineffectiveness claim in any
> specific order; thus, if a claim fails under any required element,
> we may dismiss the claim on that basis.

*Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (citations modified).

Appellant raises a "layered" ineffectiveness claim in asserting Direct Appeal Counsel's IAC.

> Where a petitioner "alleges multiple layers of ineffectiveness, he
> is required to plead and prove, by a preponderance of the
> evidence, each of the three prongs of [the IAC test] relevant to
> each layer of representation." *Commonwealth v. Parrish*, …
> 273 A.3d 989, 1003 n.11 (Pa. 2022).  "In determining a layered
> claim of ineffectiveness, the critical inquiry is whether the first
> attorney that the defendant asserts was ineffective did, in fact,
> render ineffective assistance of counsel." *Commonwealth v.
> Burkett*, … 5 A.3d 1260, 1270 (Pa. Super. 2010).

*Commonwealth v. Shields*, 347 A.3d 734, 744-45 (Pa. Super. 2025).  If the first "attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Burkett*, 5 A.3d at 1270.

Our Supreme Court has explained that to establish a "stand-alone" claim of ineffective assistance of appellate counsel, "a PCRA petitioner must demonstrate that appellate counsel was ineffective in the manner by which he litigated the claim on appeal." *Commonwealth v. Koehler*, 36 A.3d 121, 142 (Pa. 2012).

> [T]he PCRA petitioner must show exactly how appellate counsel
> was ineffective, by offering additional evidence or controlling

authority, missed by direct appeal counsel, that would have changed the appeal outcome; or by specifically alleging the winning claim or distinct legal theory that appellate counsel failed to recognize; and then by showing how the appeal, as pursued, was incompetent by comparison[.]

*Id.* (citation omitted).

Instantly, as the PCRA court competently reasoned in its Rule 907 Notice,

Direct appeal counsel is afforded discretion to pursue only those issues that are strategically deemed most likely to succeed. ***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014). Here, [Direct Appeal] Counsel made a reasoned choice to focus on a challenge to the admission of [Victim's preliminary hearing] testimony, specifically arguing that the Commonwealth failed to demonstrate [Victim's] unavailability for trial. ***See*** N.T., 10/25/19, at 11-13. This decision reflected a tactical assessment of the issues with the highest likelihood of success on appeal. ***Id.***

Moreover, the record contradicts [Appellant's] assertion that he was denied a full and fair opportunity to cross-examine the victim during the preliminary hearing. ***See*** N.T., 10/25/19, at 16-18. **The victim's testimony was subjected to thorough cross-examination by [Appellant's] counsel at that time, and there is no evidence that [] counsel was restricted [in his cross-examination,] or denied the ability to explore critical issues. *Id.* [Appellant's] reliance on a single line of testimony from [Sergeant Colgan] during trial to suggest inconsistencies does not substantiate his claim**. ***Id.***[; ***see also*** N.T., 10/25/19, at 18.] In fact, the trial court resolved any perceived discrepancies **in favor of the victim's preliminary hearing testimony**, which established that the victim retrieved the machete in self-defense **before** [Appellant] obtained the pellet gun. ***See*** N.T., 2/25/19, at 11-13. The Superior Court has already reviewed the admission of the victim's preliminary hearing testimony and confirmed that [Appellant] had a full and fair opportunity to cross-examine the victim. ***Ayoub***, 268 A.3d 454 (unpublished memorandum [at 7-9]).

Given these circumstances, [Appellant] has failed to demonstrate prejudice. The Superior Court explicitly found no

- 19 -

violation of [Appellant's] confrontation rights, and [Appellant] has not provided any additional evidence or controlling authority that would have changed the outcome of his appeal. *Id.* (unpublished memorandum at 7). Direct Appeal Counsel's strategic decision to forego this issue was reasonable and did not render his representation constitutionally ineffective. Accordingly, [Appellant's] claim fails both the performance and prejudice prongs [of the IAC test] and should be dismissed without a hearing.

Rule 907 Notice, 1/14/25, at 5-6 (emphasis added; some citations and capitalization modified).

The PCRA court's foregoing analysis is supported by the record and the law, and we discern no error or abuse of the court's discretion in rejecting Appellant's IAC claim related to Direct Appeal Counsel. *See id.* Accordingly, Appellant's second issue merits no relief.

In his third and final issue, Appellant asserts PCRA Counsel was ineffective for failing to raise a claim alleging Direct Appeal Counsel's ineffectiveness,[11] in connection with Sergeant Colgan's above-described trial testimony regarding the sequence of events. *See* Appellant's Brief at 15-18.

Initially, Appellant's claim is belied by the record. PCRA Counsel, in fact, asserted in the amended PCRA petition a claim of Direct Appeal Counsel's IAC for failing to challenge Appellant's denial of a full and fair opportunity to cross-

---

[11] Appellant does not invoke our Supreme Court's decision in *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) (holding that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.").

examine Victim at the preliminary hearing. **See** Amended PCRA Petition, 5/15/24, ¶¶ 53-66. Accordingly, because PCRA Counsel raised the claim that Appellant asserts was omitted, Appellant's claim of PCRA Counsel's ineffectiveness necessarily fails.

Moreover, as detailed *supra*, the PCRA court found no merit to Appellant's claim of Direct Appeal Counsel's IAC. **See** Rule 907 Notice, 1/14/25, at 5-6. Accordingly, Appellant's layered claim of PCRA Counsel's ineffectiveness fails. **Burkett**, 5 A.3d at 1270 (stating that where an appellant raises a layered IAC claim, if the first "attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.").

Based upon the foregoing, we discern no abuse of discretion or error of law in the PCRA court's dismissal of Appellant's first PCRA petition without a hearing. Thus, we affirm the PCRA court's February 18, 2025, dismissal order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/4/2026